IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY NICHOLSON**<br>                    **Plaintiff,**<br>vs.<br><br>**JESUS GALARZA AND PARAMOUNT REALTY SERVICES, INC,**<br>                    **Defendants.** | HON. _____<br><br>CASE NO.:<br><br>MAJOR JURY TRIAL |

## COMPLAINT

Plaintiff, Timothy Nicholson, by and through his attorney, Alex Norman, Esquire of Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendants, Jesus Galarza and Paramount Realty Services, Inc., and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, Timothy Nicholson (hereinafter "Plaintiff"), is an adult individual who resides at 1028 Fillmore Street, City of Philadelphia, Commonwealth of Pennsylvania 19124.

2. Defendant, Jesus Galarza (hereinafter "Defendant Galarza"), is an adult individual who resides at 510 Brinley Avenue, Bradley Beach, State of New Jersey 07720.

3. Defendant, Paramount Realty Services, Inc. (hereinafter "Defendant PRS"), is a private company duly organized under the laws of the State of New Jersey, is organized under the laws of the State of New Jersey, and its principal place of business is located in the State of New Jersey, with its headquarters located at 1195 Route 70 Suite 2000 Lakewood, New Jersey, 08701.

4. At all relevant times relevant hereto, Defendant Galarza was the agent, servant, workman and/or employee of Defendant PRS, and was operating a construction vehicle in the course and scope of his employment.

5. At all times material hereto, Plaintiff was the owner and operator of a 2010 Cadillac Escalade, with Pennsylvania license plate number JWY5278.

6. At all times material hereto, Defendant PRS was the owner of a 2000 Yellow Construction Vehicle with VIN No.: A5KC2GDBHKG0479.

## STATEMENT OF JURISDICTION

7. This case is brought under 28 U.S.C.§1332(a)(1), based upon diversity of citizenship. Because Plaintiff is a citizen of the Commonwealth of Pennsylvania, Defendants are all citizens of the State of New Jersey, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court. The crash at issue took place in the City of Philadelphia, Commonwealth of Pennsylvania, and all parties are diverse.

## FACTUAL BACKGROUND

8. On or about June 13, 2021, at approximately 10:33 a.m., Plaintiff lawfully operated his motor vehicle through the parking lot of the Northeast Tower Shopping Center located at the intersection of Roosevelt Boulevard and Whittaker Avenue, in the City of Philadelphia, Commonwealth of Pennsylvania.

9. Defendant Galarza simultaneously operated a construction vehicle at that same time and place.

10. As Plaintiff was lawfully driving through the parking lanes towards the exit of the shopping center, Defendant Galarza unexpectedly and without warning crossed over parking spaces separating the parking lanes and crashed his construction vehicle into the Plaintiff.

11. Defendant Galarza did so carelessly and negligently operate Defendant PRS's construction vehicle as to cause a collision with the Plaintiff's motor vehicle, causing the Plaintiff to sustain the injuries and damages hereinafter set forth.

12. As a result of the impact, Plaintiff suffered serious injuries to his neck, back, shoulder, arm and hand.

13. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

## COUNT I
## NEGLIGENCE AND/OR RECKLESSNESS
## TIMOTHY NICHOLSON v. JESUS GALARZA

14. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

15. The negligence, carelessness and/or recklessness of Defendant Galarza, individually and as the agent, servant, worker and/or employee of Defendant PRS, consisted of, but is not limited to the following:

  a. Failing to maintain proper and adequate control of his construction vehicle;

      b. Driving too fast for the conditions and location;

      c. Failing to pay proper attention while turning his construction vehicle in a parking lot of a shopping center;

      d. Failing to take proper precautions in the operation of his construction vehicle so as to avoid the collision that occurred with the Plaintiff's vehicle;

      e. Operating his construction vehicle in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

      f. Failing to have his construction vehicle unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

      g. Failing to remain alert;

      h. Failing to operate his construction vehicle in accordance with the Federal Motor Carrier Safety Regulations;

      i. Failing to properly control his construction vehicle in light of the circumstances then and there existing;

      j. Failing to make necessary and reasonable observations while operating his construction vehicle;

      k. Failing to timely and properly apply his brakes;

      l. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant PRS;

      m. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

      n. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

      o. Failing to properly inspect his construction vehicle in violation of the FMCSR;

      p. Acting with a conscious disregard for the rights and safety of the Plaintiff.

16. As a result of the negligence and carelessness of Defendant Galarza, Plaintiff suffered and continues to suffer serious impairment of bodily functions and serious injuries including, but not limited to:

      a. Lumbar Strain and Sprain;

      b. Thoracic Strain and Sprain;

      c. Cervical Strain and Sprain;

      d. Cervicalgia;

    e. Cervical Disc Displacement;

    f. Multi-level Cervical Disc Herniations at C4-C5, C5-C6 and C6-C7;

    g. Cervical Radiculopathy;

    h. Left Shoulder Strain and Sprain with radicular symptoms;

    i. Left Arm Strain and Sprain;

    j. Left Arm Radiculopathy;

    k. Left Hand Strain and Sprain;

    l. Left Hand Radiculopathy;

    m. He has had to undergo Epidural Steroid Injections to treat his injuries and may in the future continue to require additional surgical interventions and pain management due to the nature and permanency of his injuries;

    n. He has in the past required and may in the future continue to require medicines, medical care and attention;

    o. He has in the past suffered and will continue to suffer agonizing aches, pains and mental anguish;

    p. He has in the past been disabled and may in the future be disabled from performing his usual duties, occupations and avocations.

17. As a result of the carelessness and negligence of Defendant Galarza, Plaintiff has suffered property damage and economic losses which are recoverable as damages.

18. As a result of the carelessness and negligence of Defendant Galarza, Plaintiff incurred excessive medical expenses, will continue to incur medical expenses, and has additionally incurred other outstanding bills related to the accident which are recoverable as damages.

**WHEREFORE**, the Plaintiff, Timothy Nicholson, hereby seeks damages hereby seeks all damages allowed, in addition to punitive damages from Defendants, in an amount in excess of $75,000.00.

**COUNT II**
**as being vicariously liable for JESUS GALARZA**
**TIMOTHY NICHOLSON v. PARAMOUNT REALTY SERVICES**

19. The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

20. The negligence, carelessness, and/or recklessness of Defendant PRS, as being vicariously liable for the actions of Defendant Galarza, consisted of, but is not limited to the following:

  a. Failing to maintain proper and adequate control of his construction vehicle;

  b. Driving too fast for the conditions and location;

  c. Failing to pay proper attention while turning his construction vehicle;

  d. Failing to take proper precautions in the operation of his construction vehicle so as to avoid the collision that occurred with the Plaintiff's vehicle;

  e. Operating his construction vehicle in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

  f. Failing to have his construction vehicle under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

  g. Failing to remain alert;

  h. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

  i. Failing to properly control his construction vehicle in light of the circumstances then and there existing;

  j. Failing to make necessary and reasonable observations while operating his construction vehicle;

  k. Failing to stay at the scene to render aid and instead driving away without stopping;

  l. Failing to timely and properly apply his brakes;

  m. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant PRS;

  n. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

  o. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

  p. Failing to properly inspect his construction vehicle in violation of the FMCSR; and

  q. Acting with a conscious disregard for the rights and safety of the Plaintiff.

21. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Timothy Nicholson, hereby seeks damages hereby seeks all damages allowed, in addition to punitive damages from Defendants, in an amount in excess of $75,000.00.

## COUNT III
## VICARIOUS LIABILITY
## TIMOTHY NICHOLSON v. PARAMOUNT REALTY SERVICES

22. The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

23. At all relevant times, Defendant Galarza was PRS's agent, employee, or servant and was acting within the course and scope of his employment, under the direct control of Hurricane Specialized.

24. Accordingly, Defendant PRS is vicariously liable for Defendant Galarza's aforementioned negligence.

**25.** Irrespective of the employment relationship, Defendant PRS is an interstate realtor and construction company subject to Federal Motor Carrier Safety Administration Regulations and is therefore, responsible for the acts of Defendant Galarza.

**WHEREFORE**, the Plaintiff, Timothy Nicholson, hereby seeks damages hereby seeks all damages allowed, in addition to punitive damages from Defendants, in an amount in excess of $75,000.00.

## COUNT IV
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## TIMOTHY NICHOLSON v. PARAMOUNT REALTY SERVICES

**26.** The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

27. Defendant PRS had an obligation/duty to act reasonably in hiring and retaining Defendant Galarza and to adopt and enforce policies, procedures, and rules to ensure that its driver acted and its vehicles were operated and maintained safely.

28. Defendant PRS conduct demonstrated a conscious disregard of the known risks to Plaintiffs and to the rest of the public.

29. Defendant PRS breached its aforementioned duties, and those breaches directly and proximately caused the damages described in causes of action above.

30. The Plaintiff was injured as a result of an incident related to the Defendant Driver's driving, more specifically, the Defendant Driver's unsafe driving.

31. The negligence, carelessness and/or recklessness of Defendant PRS, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Driver, consisted of, but is not limited to the following:

   a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Driver;
   b. Hiring and/or continuing to employ Defendant Driver despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial construction vehicle;
   c. Hiring and/or continuing to employ Defendant Driver despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial construction vehicle;
   d. Hiring and/or continuing to employ Defendant Driver despite the fact that he had a propensity for driving violations;
   e. Hiring and/or continuing to employ Defendant Driver despite his previous driving record;
   f. Failing to have an appropriate disciplinary policy within the company;
   g. Hiring and/or continuing to employ Defendant Driver despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;
   h. Permitting Defendant Driver to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;
   i. Failing to train and/or properly train Defendant Driver prior to allowing him to operate its construction vehicle;
   j. Allowing Defendant Driver to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;
   k. Failing to adopt appropriate employee manuals and/or training procedures;
   l. Failing to enforce both the written and unwritten policies of Defendant PRS;
   m. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendant PRS;
   n. Failing to implement and/or enforce an effective safety system;
   o. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

p. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

q. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

r. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s. Failing to monitor and/or regulate its drivers' actions;

t. Failing to monitor and/or regulate speed at which the drivers drove;

u. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

v. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

w. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

x. Failing to have a policy or mechanism in place to address excessive speed;

y. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial construction vehicles; and

z. Failing to act upon and remedy known violations of FMCSA regulation 395.

32. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Timothy Nicholson, hereby seeks damages hereby seeks all damages allowed, in addition to punitive damages from Defendants, in an amount in excess of $75,000.00.

## COUNT V
## NEGLIGENCE *PER SE*
## TIMOTHY NICHOLSON v. PARAMOUNT REALTY SERVICES

33. The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

34. Hurricane Specialized violated–and encouraged Defendant Driver to violate–state and federal statutes and regulations.

35. As a direct and proximate result of Defendant PRS's violations of state and federal statutes and regulations that were designed to protect people like the Plaintiff, Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Timothy Nicholson, hereby seeks damages hereby seeks all damages allowed, in addition to punitive damages from Defendants, in an amount in excess of $75,000.00.

Respectfully submitted,

**MORGAN & MORGAN PHILADELPHIA LLC**

By: _____
ALEX NORMAN, ESQUIRE
ID NO.: 205187
2005 Market Street, Suite 350
Philadelphia, PA  19103
**P:** (267) 780-2973
**F:** (267) 780-2958
anorman@forthepeople.com
www.forthepeople.com

Dated: March 10, 2022

## VERIFICATION

I Alex Norman, Esquire of Morgan & Morgan Philadelphia, PLLC, hereby certify that I am the attorney for the Plaintiff in this action and that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
ALEX NORMAN, ESQUIRE
ID NO.: 205187
2005 Market Street, Suite 350
Philadelphia, PA  19103
**P:** (267) 780-2973
**F:** (267) 780-2958
anorman@forthepeople.com
www.forthepeople.com

Dated: March 10, 2022